UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                :       **SEALED INDICTMENT**
UNITED STATES OF AMERICA        :
                                :       20 Cr.
        - v. -                  :
                                :
ALHASSAN IDDRIS LARI,           :
        a/k/a "Hassan Lari,"    :
                                :
                    Defendant.  :    CRIM    1 4 3
- - - - - - - - - - - - - - - - X

## COUNT ONE

### (Money Laundering Conspiracy)

The Grand Jury charges:

1.   From at least in or about 2014 through in or about
February 2020, in the Southern District of New York and
elsewhere, ALHASSAN IDDRIS LARI, a/k/a "Hassan Lari," the
defendant, and others known and unknown, knowingly and
intentionally did combine, conspire, confederate, and agree
together and with each other to commit money laundering, in
violation of Title 18, United States Code, Section
1956(a)(1)(B)(i).

2.   It was a part and object of the conspiracy that
ALHASSAN IDDRIS LARI, a/k/a "Hassan Lari," the defendant, and
others known and unknown, knowing that the property involved in
certain financial transactions represented proceeds of some form
of unlawful activity, would and did conduct and attempt to
conduct such financial transactions, which in fact involved the

proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit, LARI, while in the Bronx, New York, received proceeds of fraud schemes in cash from co-conspirators or directly from victims through a bank account opened in the name of a purported shipping company, and transferred those fraud proceeds to co-conspirators in the Republic of Ghana ("Ghana") and elsewhere, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT TWO

### (Conspiracy to Receive Stolen Money)

The Grand Jury further charges:

3.    From at least in or about 2014 through in or about February 2020, in the Southern District of New York and elsewhere, ALHASSAN IDDRIS LARI, a/k/a "Hassan Lari," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, a violation of Title 18, United States Code, Section 2315.

2

4.      It was a part and object of the conspiracy that ALHASSAN IDDRIS LARI, a/k/a "Hassan Lari," and others known and unknown, would and did receive, possess, conceal, store, barter, sell, and dispose of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a state and United States boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Section 2315, to wit, LARI received proceeds of fraud schemes directly from victims and indirectly from co-conspirators which were transferred from bank accounts and money transfer locations outside of New York to accounts in the Bronx, New York and elsewhere.

## OVERT ACT

5.      In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.      On or about March 5, 2015, LARI opened a purported business bank account ("Account-1") in the Bronx, New York. Account-1 was owned and controlled by LARI.

3

b.    On or about August 29, 2016, a co-conspirator ("CC-1") caused a $50,000 check from a victim of the Enterprise to be deposited into Account-1.

(Title 18, United States Code, Section 371.)

## COUNT THREE

## (Receipt of Stolen Money)

The Grand Jury further charges:

6.    From at least in or about 2014 through in or about February 2020, in the Southern District of New York and elsewhere, ALHASSAN IDDRIS LARI, a/k/a "Hassan Lari," the defendant, received, possessed, concealed, stored, bartered, sold, and disposed of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a state and United States boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, to wit, LARI received proceeds of fraud schemes directly from victims and indirectly from co-conspirators which were transferred from bank accounts and money transfer locations outside of New York to LARI in the Bronx, New York and elsewhere.

(Title 18, United States Code, Sections 2315 and 2.)

4

## COUNT FOUR

### (Conspiracy to Operate an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

7. From at least in or about 2014 through in or about February 2020, in the Southern District of New York and elsewhere, ALHASSAN IDDRIS LARI, a/k/a "Hassan Lari," and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

8. It was a part and object of the conspiracy that ALHASSAN IDDRIS LARI, a/k/a "Hassan Lari," and others known and unknown, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, a business used by LARI and his co-conspirators in the United States to launder United States dollars to co-conspirators in Ghana, which LARI undertook at black market rates more favorable than bank-published or legal market exchange rates, and which (a) was operated without an appropriate money transmitting license in a State, where such operation is punishable as a misdemeanor or a felony under State law, to wit, New York; (b) failed to comply with the money

5

transmitting business registration requirements set forth in

Title 31, United States Code, Section 5330, and the regulations

prescribed thereunder; and (c) involved the transportation and

transmission of funds that were known to the defendant to have

been derived from a criminal offense and were intended to be

used to promote and support unlawful activity, in violation of

Title 18, United States Code, Section 1960.

### OVERT ACT

9.      In furtherance of said conspiracy and to effect the

illegal object thereof, the following overt acts, among others,

were committed in the Southern District of New York and

elsewhere:

a.      On or about March 5, 2015, LARI opened Account-1 in

the Bronx, New York.  Account-1 was owned and controlled by

LARI.

b.      On or about August 29, 2016, CC-1 caused a $50,000

check from a victim of the Enterprise to be deposited into

Account-1.

(Title 18, United States Code, Section 371.)

## COUNT FIVE

**(Operation of an Unlicensed Money Transmitting Business)**

The Grand Jury further charges:

10.     From at least in or about 2014 through in or about

February 2020, in the Southern District of New York and

6

elsewhere, ALHASSAN IDDRIS LARI, a/k/a "Hassan Lari," knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business affecting interstate and foreign commerce which (a) was operated without an appropriate money transmitting license in a State, where such operation is punishable as a misdemeanor or a felony under State law, to wit, New York; (b) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder; and (c) involved the transportation and transmission of funds that were known to the defendant to have been derived from a criminal offense and were intended to be used to promote and support unlawful activity, to wit, LARI operated an unlicensed business located in the Bronx, New York used by co-conspirators in the United States to facilitate and transfer United States dollars to co-conspirators in Ghana.

(Title 18, United States Code, Sections 1960 and 2.)

## FORFEITURE ALLEGATIONS

The Grand Jury further charges:

11. As a result of committing the offense alleged in Counts One, Four, and Five of this Indictment, ALHASSAN IDDRIS LARI, a/k/a "Hassan Lari," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section

982(a)(1), any and all property, real and personal, involved in said offenses, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

12.  As the result of committing the offenses charged in Counts Two and Three of this Indictment, ALHASSAN IDDRIS LARI, a/k/a "Hassan Lari," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

13.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

8

e.      has been commingled with other property which

cannot be subdivided without difficulty; it is the intent of the

United States, pursuant to Title 21, United States Code, Section

853(p), and Title 28, United States Code, Section 2461(c), to

seek forfeiture of any other property of the defendant up to the

value of the forfeitable property described above.

> (Title 18, United States Code, Sections 981 and 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

9

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**v.**

**ALHASSAN IDDRIS LARI,**
**a/k/a "Hassan Lari,"**

**Defendant.**

---

## INDICTMENT

20 Cr.

(18 U.S.C. §§ 371, 1956(h), 1960, 2315, and
2)

GEOFFREY S. BERMAN
United States Attorney

Foreperson

---